FILED

MAR 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FERNANDO ARANDA,

        Plaintiff - Appellant,

  v.

ELIZABETH MEYERS; et al.,

        Defendants - Appellees.

No. 08-17600

D.C. No. 2:07-cv-02211-FCD-
DAD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Submitted February 16, 2010[**]

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

    Fernando Aranda, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging improper

electronic surveillance within the prison and a conspiracy to poison him. We have

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we affirm.

The district court properly dismissed the surveillance claim because Aranda's allegations regarding the prison's use of electronic surveillance do not state a Fourth Amendment claim. *See Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984) ("A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order.").

The district court properly dismissed the conspiracy claim because Aranda's allegations do not indicate that the defendant correctional officers conspired to poison Aranda's coffee, threaten him, or falsely accuse him of being a child molester. *See Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) ("[T]he court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (internal quotation marks and citation omitted).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over any state-law claims after properly dismissing the federal claims. *See Bryant v. Adventist Health Sys./West*, 289 F.3d 1162, 1169 (9th Cir. 2002).

Aranda's remaining contentions are unpersuasive.

**AFFIRMED.**